UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMY WEINBERG,                     ) | |
|               Plaintiff,       ) | |
| v.                                                 ) | CIVIL ACTION |
|                              ) | NO. 13-11017-NMG |
| UNITED OF OMAHA LIFE           ) | |
| INSURANCE COMPANY, et al.,   ) | |
|               Defendants.  ) | |

**MEMORANDUM OF DECISION AND ORDER ON
PLAINTIFF'S MOTION TO TAKE DISCOVERY**

January 21, 2014

DEIN, U.S.M.J.

## I. INTRODUCTION

This matter is before the court on the "Plaintiff's Motion to Take Limited Focused Discovery and to Add the Discovery Disclosed to the Record on Review" (Docket No. 18). This court has previously issued an order authorizing the production of limited sections of the "DILL." This memorandum of decision and order is limited to plaintiff's Request No. 2, wherein she has requested 10 reports authored by Dr. James Bress with respect to United of Omaha Life Insurance Company claimants immediately before, and 10 reports authored immediately after, November 26, 2012. After consideration of the parties' written submissions and their oral arguments, the request is DENIED.

## II.  STATEMENT OF FACTS

The plaintiff, Amy Weinberg, is a former employee of Euromoney, Inc. and, as such, was covered by the Euromoney, Inc. Long Term Disability Plan.  The defendant, United of Omaha Life Insurance Company ("United"), is the Claims Administrator and insurer of the Plan.  Ms. Weinberg applied for long term disability ("LTD") benefits and her application was denied.  In connection with its consideration of her application, United had retained Dr. James Bress to review Ms. Weinberg's medical records.  Dr. Bress recommended that Ms. Weinberg's application be denied in a report in which he detailed the medical records he reviewed, and those portions of the record on which he based his opinion.

Ms. Weinberg contends that Dr. Bress obtains a significant portion of his income from his work for insurance companies, and that Dr. Bress is biased in favor of United.  She seeks discovery in connection with this contention.  United has agreed to provide some of the discovery requested by Ms. Weinberg, including the number of files Dr. Bress and his employer have reviewed on behalf of United, and the amount of income Dr. Bress has received.  At issue is whether United should be ordered to produce files authored by Dr. Bress both before and after his report relating to Ms. Weinberg.  It is the plaintiff's contention that these reports may show Dr. Bress' bias, especially if they are "cookie-cutter" reports without much analysis.  As detailed herein, Ms. Weinberg has not met her heavy burden of proving the need for such discovery.

### III.  ANALYSIS

It is undisputed that discovery is disfavored in ERISA cases, because "[a]ppeals of ERISA benefit denials 'typically are adjudicated on the record compiled before the plan administrator.'"  Semedo v. Boston Bldg. Serv. Employees Trust Fund Long Term Disability Plan, No. 12-11697-RWZ, 2013 WL 3805130, at *1 (D. Mass. July 19, 2013) (quoting Denmark v. Liberty Life Assur. Co., 566 F.3d 1, 10 (1st Cir. 2010)).  In addition, discovery is disfavored due to "concerns about efficient administration that underlie the ERISA statute itself."  Liston v. Unum Corp. Officer Severance Plan, 330 F.3d 19, 26 (1st Cir. 2003).  Nevertheless, "where there has been a showing of bias or conflict of interest[,]" some limited discovery may be available to assist the court in deciding whether the structural conflict which exists "when an entity plays a 'dual role' by both determining an employee's eligibility under an employee benefit plan and paying the benefits" "has morphed into an actual conflict."  Al-Abbas v. Metlife Ins. Co. of Am., No. 12-11585-FDS, 2013 WL 5947996, at *1, 3 (D. Mass. Nov. 4, 2013) (internal citations omitted).  Even in such situations, however, at a minimum there must be a "very good reason" in order "to overcome the strong presumption that the record on review is limited to the record before the administrator."  Liston, 330 F.3d at 23.  "[A] bare allegation of structural conflict does not 'mandate automatic discovery.'"  Al-Abbas, 2013 WL 5947996, at *3 (quoting McGahey v. Harvard Univ. Flexible Benefits Plan, 2009 WL 799464, at *2 (D. Mass. Mar. 25, 2009)).  Finally, "any discovery on this matter 'must be allowed sparingly and, if allowed at all, must be narrowly tailored so as

to leave the substantive record essentially undisturbed.'" Al-Abbas, 2013 WL 5947996, at *3 (quoting Denmark, 566 F.3d at 10).

In the instant case, United has already agreed to provide information about the amount of income Dr. Bress has received from a review of its records, as well as information concerning the number of reviews he and his employer have conducted. The plaintiff can use this information to argue that the court should view Dr. Bress' opinion with skepticism.[1] However, Ms. Weinberg's conclusory assertion that Dr. Bress is biased is insufficient to warrant additional discovery on this issue. The plaintiff has not established that United has exhibited a bias against claimants other than the inherent structural conflict which exists due to United's dual role. She has not provided "the kind of 'colorable claim of bias' that might constitute a 'good reason' to set aside the presumption against discovery." Petrone v. Long Term Disability Income Plan, 935 F. Supp. 2d 278, 291 (D. Mass. 2013) (quoting Denmark, 566 F.3d at 10).

Moreover, Ms. Weinberg's argument that she needs to review actual reports generated by Dr. Bress is defeated by the record. The report Dr. Bress issued makes express references to materials in Ms. Weinberg's medical records, and is obviously not a "cookie-cutter" report. Nothing would be gained by producing other reports generated by Dr. Bress, even if he determined that other claimants were not entitled to benefits. Thus, even assuming, arguendo, that the production of other reports would be appropriate in

---

[1] This court expresses no opinion as to the persuasiveness of such an argument.

certain circumstances, this is not one of those cases.  See Klein v. Northwestern Mut. Life Ins. Co., 806 F. Supp. 2d 1120, 1128 (S.D. Cal. 2011) (while the court noted that "a sampling of reports a doctor has prepared in other claims may also be appropriate[,]" it did not order such a production in that case); see also McGahey v. Harvard Univ. Flexible Benefits Plan, 685 F. Supp. 2d 168, 179 (D. Mass. 2009) (in light of the "closeness of the case" because the administrator failed to even address evidence favorable to the claimant, court allowed discovery into the total number of reports commissioned from the challenged doctors, and the raw number of claims that each of the doctors recommended be denied and allowed; significantly, reports relating to other claimants were not ordered to be produced).  In short, there is no basis to order the production of reports which relate to other claimants who are not involved in the instant dispute.

## IV.  CONCLUSION

For all the reasons detailed herein, the plaintiff's request for the production of additional reports written by Dr. Bress is denied.

                                              / s / Judith Gail Dein
                                              Judith Gail Dein
                                              U.S. Magistrate Judge